**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————

**No. 03-1548**

————————

HAFEEZUL HAQUE SIDDIQUI; AYESHA HAFEEZ; SUHA
HAFEEZ,

                                      Petitioners,

       versus

JOHN ASHCROFT, Attorney General,

                                      Respondent.

————————

On Petition for Review of an Order of the Board of Immigration
Appeals. (A76-898-812; A76-898-813; A76-898-814)

————————

Submitted:  December 15, 2003     Decided:  February 17, 2004

————————

Before WILKINSON, WILLIAMS, and TRAXLER, Circuit Judges.

————————

Petition denied by unpublished per curiam opinion.

————————

Andrew S. Tulumello, Jason Anthony, Kristina Marlow, GIBSON, DUNN &
CRUTCHER, L.L.P., Washington, D.C., for Petitioners.  Peter D.
Keisler, Assistant Attorney General, Donald E. Keener, Deputy
Director, Greg D. Mack, Senior Litigation Counsel,  Office of
Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF
JUSTICE, Washington, D.C., for Respondent.

————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Hafeezul Haque Siddiqui, a native and citizen of Pakistan, petitions this court for review of an order of the Board of Immigration Appeals (Board) affirming a decision of the immigration judge (IJ) finding him removable and denying his applications for asylum and withholding of removal.[*] The claims of Hafeez's wife and child, Ayesha and Suha, are derivative of Hafeez's claim. See 8 C.F.R. § 1207.7 (2003).

Hafeez challenges the Board's decision that he failed to demonstrate he is a refugee based on past persecution or a well-founded fear of future persecution on account of a protected ground. See 8 U.S.C.A. § 1158 (West 1999 & Supp. 2003); 8 U.S.C. § 1101(a)(42)(A) (2000). The record supports the Board's conclusion. See 8 C.F.R. § 1208.13(a) (2003) (the burden of proof is on the alien to establish eligibility for asylum). We will reverse the Board only if the evidence "'was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution.'" Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (quoting INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992)). We have reviewed the administrative record, the IJ's decision, and the decision of the Board, and find that substantial evidence supports

---

[*]As Hafeez has failed to challenge on appeal the denial of withholding and relief under the Convention Against Torture, these claims are waived. See Fed. R. App. P. 28(a)(6); Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999); 11126 Baltimore Blvd., Inc. v. Prince George's County, Md., 58 F.3d 988, 993 n.7 (4th Cir. 1995).

the Board's ruling that Hafeez failed to establish his refugee status.

We deny Hafeez's petition for review. We deny the Attorney General's motion to designate the administrative record as a supplemental joint appendix and Hafeez's motion to file an amended opening brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>